IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Diana Jordan, | C/A No. 3:18-2754-JFA |
| Plaintiff, | |
| v. | **ORDER** |
| United States Department of Labor, | |
| Defendant. | |

## I.    INTRODUCTION

Diana Jordan ("Plaintiff"), proceeding *pro se*,[1] filed this civil action on October 10, 2018 against Defendant United States Department of Labor ("Defendant") "to prove Kimberly Szabo committed perjury" in statements to law enforcement officials regarding whether Ms. Szabo compensated Plaintiff for work Plaintiff performed for Ms. Szabo's company. (ECF No. 1 at 1-2). Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs under 28 U.S.C. § 1915 ("Application"). (ECF No. 3). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this case was referred to a Magistrate Judge for Review. (ECF No. 3). The Magistrate Judge assigned to this action granted Plaintiff's Application. (ECF No. 8).

---

[1] "*Pro se* complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers." *Ally v. Yadkin Cty. Sheriff Dept.*, 698 F. App'x 141, 142 (4th Cir. 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

However, the Magistrate Judge prepared a thorough Report and Recommendation ("Report")[2] and opines that this Court should dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. (ECF No. 9 at 5). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. (ECF No. 9). The Magistrate Judge required Plaintiff to file objections by October 29, 2018 (ECF No. 9 at 6) and Plaintiff timely filed her Objections (ECF No. 12). Plaintiff also filed a Motion for Expedited Ruling as to her Complaint (ECF No. 14), Motion for Default Judgment (ECF No. 17), and Motion for Leave to Amend Pleadings to include a claim for punitive damages in the amount of the filing fee. (ECF No. 18). Accordingly, this matter is ripe for review.

## II. LEGAL STANDARD

The district court is required to conduct a *de novo* review only of the specific portions of the Magistrate Judge's Report to which objections are made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *see also Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made specific written objections. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

(4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Where an objection is "nonspecific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate[s] . . . claims," the Court need not conduct any further review of that objection. *Field v. McMaster*, 663 F. Supp. 2d 449, 452 (D.S.C. 2009); *see also McNeil v. SC Dept. of Corrections*, No. 5:12-2880-MGL, 2013 WL 1102881, at *1 (D.S.C. Mar. 15, 2013) (finding petitioner's objections to be without merit where the objections were "non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and consist[ed] of a reassertion of the arguments" made in the petition); *Arbogast v. Spartanburg Cty.*,

No. 07:11-cv-00198-GRA, 2011 WL 5827635, at *2 (D.S.C. Nov. 17, 2011) (finding that plaintiff's objections were not specific where the objections were "general and conclusory in that they merely reassert[ed] that his conviction was wrongful.").

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. DISCUSSION

In the Report, the Magistrate Judge recommends dismissal of Plaintiff's Complaint for failure to raise any factual allegations in her complaint that state a plausible claim against

Defendant. (ECF No. 9 at 3). The Report identifies several specific ways in which that procedural defect is evident.

First, the Report posits that Plaintiff alleges no wrongdoing by defendant, so her complaint is subject to summary dismissal. (ECF No. 9 at 4) (citing *Chong Su Yi v. Soc. Sec. Admin.*, 554 Fed. App'x 247, 248 (4th Cir. 2014) (affirming dismissal of factually and legally frivolous claims); citing also *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (noting a federal court lacks subject matter jurisdiction over a complaint raising claims "'so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy'") (citation omitted)).

Secondly, the Report asserts that Plaintiff cannot seek to have Ms. Szabo charged with a crime because an individual citizen has no constitutional right to, or any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person. (ECF No. 9 at 4) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding that a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); citing also *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (applying *Linda R.S. v. Richard D.* and collecting cases); citing also *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations.")).

Finally, the Report states that Plaintiff's claim is subject to dismissal under the principle of sovereign immunity since Defendant, as an agency of the United States, has not waived sovereign immunity to be sued under RICO, which is the provision Plaintiff identifies in her civil cover sheet to describe the nature of her suit. (ECF No. 9 at 5) (citing *United States v. Mitchell*, 463 U.S. 206,

212 (1983) (holding individuals may not sure the United States or its agencies without their consent); citing also *McNeily v. United States*, 6 F.3d 343, 350 (5th Cir. 1993) (finding no waiver of immunity exists to sue the United States or its federal agency the FDIC under the RICO Act); citing also *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) ("it is clear that there can be no RICO claim against the federal government")).

Plaintiff's "Objections" merely reiterate her original arguments. (ECF No. 12). Plaintiff admits she mistakenly selected "RICO" on her civil cover sheet and proposes a new civil cover sheet with "Other Civil Rights" selected. (ECF Nos. 12 at 2, 12-1 at 3). However, even if the Court accepts the new civil cover sheet, Plaintiff still has not proven that her cause of action transcends sovereign immunity, nor has she rebutted the other errors in her Complaint identified by the Report. Here, Plaintiff's Objections fail to "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47. As such, Plaintiff's Objections are not specific to the Report, and the Court may therefore adopt the Report without an explanation. *See McMaster*, 663 F. Supp. 2d at 452; *see also Norton*, 2007 WL 821181, at *1.

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Consequently, the Court adopts the Report (ECF No. 9). Therefore, Plaintiff's Complaint (ECF No. 1) is dismissed without prejudice and without issuance and service of process. Accordingly, all outstanding motions are denied as moot.

IT IS SO ORDERED.

July 25, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge